Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7407 | **DATE** | 11/29/2010 |
| **CASE TITLE** | Bartholomew Bishop (2009-1018059) v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $11.60 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 South California, Chicago, IL 60608. The Clerk shall also: (1) issue summons for Defendant Dr. Patel; (2) terminate Defendants Tom Dart and Dr. Avery Hart; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Bartholomew Bishop, a pretrial detainee at Cook County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.60. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn St., Chicago, Illinois 60604, Attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges as follows: in April 2010, he injured his hand while playing basketball; he was treated by Dr. Patel, who wrote an order for him to be seen by a "bone doctor"; he was not seen by a bone doctor; Dr. Patel failed to address his subsequent requests for medical treatment so that a new order could be written; and his hand did not heal properly and had to be "rebroke." Plaintiff names Cook County Sheriff Thomas Dart, Medical Director Avery Hart, Dr. Patel, and the unknown bone doctor as Defendants. Plaintiff indicates that brings his action against the Defendants in their individual and official capacities.

As to Plaintiff's individual capacity claims, liability under the Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Furthermore, a supervisory official cannot be held liable for the conduct of a subordinates based upon a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). Here, Plaintiff does not allege any personal involvement in the alleged constitutional violation by Sheriff Dart or Director Hart. Thus,

| STATEMENT |
|---|

he has failed to state a claim against Sherif Dart or Director Hart in their individual capacity. Plaintiff has sufficiently pled a claim against Dr. Patel in his individual capacity.

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff has not alleged that his lack of medical treatment resulted from an expressed policy, a widespread practice, or by a person with final policy-making authority, and thus Plaintiff has failed to state an official capacity claim.

Plaintiff also indicates that he has named Director Hart as a Defendant so that he may discover the identity of an unknown Defendant who failed to properly treat his hand injury. However, Plaintiff can discover the name of the unknown Defendant through discovery of the remaining Defendant, Dr. Patel.

Based on the above, Dr. Patel must answer or otherwise plead to Plaintiff's Complaint. Sheriff Dart and Director Avery are dismissed as Defendants. The Clerk shall: (1) issue summons for Defendant Dr. Patel; (2) terminate Defendants Tom Dart and Director Dr. Avery Hart; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

The United States Marshals Service is appointed to serve Defendant Dr. Patel. Any service forms necessary for Plaintiff to complete will be sent to Plaintiff by the Marshal. The Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with the employee's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court c/o the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant (or to defense counsel, once an attorney has entered an appearance on behalf of Defendant). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions will be disregarded by the Court or returned to Plaintiff.